NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DONALD NEIDIG, *Petitioner*.

No. 1 CA-CR 20-0603 PRPC

FILED 3-31-2022

Petition for Review from the Superior Court in Maricopa County
No.  CR2019-117800-001
CR2018-001501-001
CR2017-100484-001
The Honorable Monica S. Garfinkel, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Amanda M. Parker
*Counsel for Respondent*

Donald Neidig, Florence
*Petitioner*

------

**MEMORANDUM DECISION**

Presiding Judge Peter B. Swann, Judge David D. Weinzweig and Judge Paul J. McMurdie delivered the decision of the Court.

------

**PER CURIAM**:

**¶1**        Donald Neidig petitions this court for review from the superior court's dismissal of his petition for post-conviction relief filed under Arizona Rule of Criminal Procedure ("Rule") 33. Neidig contends his attorney provided constitutionally ineffective assistance by incorrectly advising him he could raise a violation of his right to a speedy trial after pleading guilty. For reasons that follow, we grant review but deny relief.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**        With three indictments in 2017, 2018 and 2019, the State charged Neidig for drug possession, theft and failure to register as a sex offender. Less than a month before trial in all three cases, Neidig was appointed a new attorney who moved to continue the trial date. The superior court granted the motion after finding that delay was indispensable to the interests of justice and that the appointment of new counsel constituted extraordinary circumstances warranting a continuance. *See* Ariz. R. Crim. P. 8.5. The court extended the trial date by 70 days and correspondingly extended Neidig's "last day" for purposes of the speedy-trial deadline under Rule 8. *See* Ariz. R. Crim. P. 8.2(a), (d). The court recognized that Neidig had waived time under Rule 8 for the period of the continuance, which Neidig later disputed, unsuccessfully reurging his objection to excluding time.

**¶3**        A few weeks later, at a settlement conference, the State proposed a plea offer that would resolve all three cases. Neidig wanted to avoid trial but also wanted to negotiate a better deal. The prosecutor promised to investigate but indicated a better deal was unlikely to materialize.

**¶4**        Neidig returned to court two weeks later to accept the plea offer. After the court advised him of various constitutional rights he would waive by changing his plea, Neidig asked whether pleading guilty would

affect his ability to raise a claim that his right to a speedy trial had been violated. The court could not answer his question without researching the issue. Neidig's attorney stated on the record that he had "made it clear to [Neidig], in [the attorney's] legal opinion," that Neidig would "have the right to challenge" any alleged "legal error on [the attorney's] part or the [c]ourt's part" after pleading guilty. The attorney characterized Neidig's speedy-trial complaint as the sort of alleged error that could be challenged after a guilty plea. Based on counsel's advice, Neidig chose to take the plea.

¶5        Neidig pleaded guilty to failure to register as a sex offender in CR2017-100484-001. He pleaded guilty to two counts of trafficking in stolen property in the first degree and one count of burglary in the second degree in CR2018-001501-001—further agreeing, as to each count, that he had one historical prior felony conviction. Neidig pleaded guilty to possession or use of dangerous drugs in CR2019-117800-001—again agreeing he had one historical prior felony conviction. The superior court sentenced Neidig, consistent with the terms of his plea to an aggregate prison term of 9.25 years, to be followed by supervised probation for up to his lifetime.

¶6        Neidig timely petitioned for post-conviction relief and was appointed counsel. Neidig argued his attorney provided ineffective assistance by incorrectly advising him that he could assert a speedy-trial violation after entering a guilty plea. The State conceded that Neidig raised a colorable claim, and the superior court set an evidentiary hearing.

¶7        At the hearing, Neidig's attorney testified it was his "understanding" that the rules of post-conviction relief allowed a defendant to challenge "any error" made by the superior court or the defense attorney. The attorney testified he had expressly told Neidig he could file a petition for post-conviction relief challenging the superior court's rulings on his speedy-trial objections. The attorney also testified he did not believe Neidig's right to a speedy trial had been violated but said he never discussed the merits of the issue with Neidig.

¶8        Neidig also testified at the hearing. He confirmed that his attorney had told him he would be able to challenge any legal error, including error in the superior court's speedy-trial rulings, in a petition for post-conviction relief. Neidig also testified that if he had been informed that pleading guilty would foreclose such a challenge, he would have rejected the plea offer and proceeded to trial—even knowing he could ultimately be sentenced to double the time offered in the plea agreement.

¶9        The superior court denied relief.  The court acknowledged that Neidig's attorney had given him incorrect advice, but concluded Neidig failed to show prejudice because his claim for a speedy-trial violation would have been "unsuccessful."

¶10       Neidig petitions for review of the superior court's decision. He argues the court erred by considering the strength of his speedy-trial claim in its determination of prejudice and argues he established prejudice by demonstrating that he would not have pleaded guilty but for his attorney's deficient advice.

**DISCUSSION**

¶11       Criminal defendants are guaranteed the right to effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  This guarantee extends to counsel's representations during the plea process.  *Hill v. Lockhart*, 474 U.S. 52, 57–59 (1985).

¶12       Claims of ineffective assistance of counsel involve "a mixed question of fact and law."  *State v. Pandeli*, 242 Ariz. 175, 180, ¶ 4 (2017) (citation omitted).  In assessing the superior court's denial of a claim, we review its findings of fact for clear error and consider its legal conclusions and constitutional issues de novo—with our ultimate task being to determine whether the court abused its discretion.  *Id.*, ¶¶ 3–4.  An abuse of discretion occurs if the court "makes an error of law or fails to adequately investigate the facts necessary to support its decision."  *Id.*, ¶ 4.  We will affirm the court's decision "if it is legally correct for any reason."  *State v. Roseberry*, 237 Ariz. 507, 508, ¶ 7 (2015).

¶13       To prove a claim of constitutionally ineffective assistance of counsel, a defendant must show "both that 'counsel's representation fell below an objective standard of reasonableness' and 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  *State v. Nunez-Diaz*, 247 Ariz. 1, 4, ¶ 10 (2019) (quoting *Strickland*, 466 U.S. at 688, 694).  Where a defendant challenges a guilty plea based on ineffective assistance of counsel, the defendant establishes prejudice by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *State v. Bowers*, 192 Ariz. 419, 424, ¶ 19 (App. 1998) (quoting *Hill*, 474 U.S. at 58).  This standard also requires the defendant to show that "it must 'have been rational under the circumstances to refuse a plea and go to trial.  *Nunez-Diaz*, 247 Ariz. at 5, ¶ 13 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)).

**¶14** There is little dispute that Neidig's attorney provided erroneous advice, falling below an objective standard of reasonableness. "When the consequences of a plea are clear . . . ,'the duty to give correct advice is equally clear' and counsel must inform their client of those consequences." *Nunez-Diaz*, 247 Ariz. at 4, ¶ 11 (quoting *Padilla*, 559 U.S. at 369). Neidig's guilty plea prevented him from asserting a violation of his right to a speedy trial. *See State v. Ellis*, 117 Ariz. 329, 331 (1977) ("[A]s we have said many times, a defendant waives any question regarding his right to a speedy trial by entering a plea of guilty."). *See also State v. Martinez*, 102 Ariz. 215, 216 (1967) ("[I]t is a well-settled rule of law that when a defendant voluntarily and knowingly pleads guilty . . . such constitutes a waiver of nonjurisdictional defenses, defects and irregularities in the proceedings.").

**¶15** Despite defense counsel's misstatement of the law, the superior court acted within its discretion by denying relief based on Neidig's failure to establish prejudice. Neidig has a valid argument that he was not required to show that his speedy-trial claim would have succeeded on appeal in order to demonstrate prejudice. *See Roe v. Flores-Ortega*, 528 U.S. 470, 486 (2000) ("[I]t is unfair to *require* an indigent, perhaps *pro se*, defendant to demonstrate that his hypothetical appeal might have had merit" in order to establish that the defendant was prejudiced by counsel's failure to file a notice of appeal); *Bowers*, 192 Ariz. at 424, ¶ 19 (A defendant is not required "to demonstrate a more favorable outcome after trial" in order to establish prejudice in an ineffective-assistance claim involving a guilty plea). Nevertheless, the merits of Neidig's speedy-trial claim are relevant to determining prejudice because the viability of the claim informs whether it was "rational" for him to reject the plea offer, *Padilla*, 559 U.S. at 372, after receiving "reasonable advice from counsel" about the speedy-trial issue, *Roe*, 528 U.S. at 486.

**¶16** Here, the superior court analyzed Neidig's potential speedy-trial claim under both Rule 8 and constitutional precedents and concluded it lacked validity. Our review reveals no basis to quibble with the court's determination. Neidig does not have a nonfrivolous claim that the 70-day continuance violated his right to a speedy trial under Rule 8 or constitutional law because Neidig shows no prejudice from the delay. *See State v. Vasko*, 193 Ariz. 142, 144, ¶ 8 (App. 1998) ([W]e will not reverse [a continuance] on appeal in the absence of a clear abuse [of discretion] and resulting prejudice."); *State v. Spreitz*, 190 Ariz. 129, 139–40 (1997) (Courts consider four factors in speedy trial claims: "(1) the length of the delay; (2) the reason for the delay; (3) whether the defendant has demanded a speedy trial; and (4) the prejudice to the defendant").

¶17 To establish a claim of ineffective assistance, Neidig was required to show that he would have gone to trial after receiving reasonable advice from his attorney about his speedy-trial claim. Under the circumstances, Neidig's attorney should have informed him not only that he could not raise a speedy-trial claim after pleading guilty but also that such a claim was all but certain to fail on appeal. Had Neidig received this advice, it would have been irrational for him to go to trial in order to preserve a speedy-trial claim. *Cf. Roe*, 528 U.S. at 486 (evidence that a defendant expressed some interest in appealing "alone is insufficient to establish that, had the defendant received reasonable advice from counsel about the appeal, he would have instructed his counsel to file an appeal"). We therefore agree with the superior court's conclusion that Neidig failed to establish prejudice.

## CONCLUSION

¶18 Although we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA

6