NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ERNEST JOSEPH LONGHINI, III, *Petitioner*.

No. 1 CA-CR 22-0089 PRPC
FILED 12-15-2022

Appeal from the Superior Court in Maricopa County
No.  CR2016-000667-001
The Honorable Michael C. Blair, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Daniel Strange
*Counsel for Respondent*

Rosenquist & Associates, Anthem
By Anders V. Rosenquist, Jr.
*Counsel for Petitioner*

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Michael J. Brown joined.

**M O R S E**, Judge:

**¶1**　　　　Ernest Joseph Longhini III ("Petitioner") petitions for review of the summary dismissal of his first petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**　　　　Petitioner pled guilty to (1) child sex trafficking, (2) attempted sexual conduct with a minor, (3) involving or using a minor in a drug offense, (4) attempted involving or using a minor in a drug offense, and (5) two counts of attempted sexual assault. The offenses involved four minor victims. The superior court sentenced Petitioner to a stipulated term of 13.5 years' imprisonment for child sex trafficking and a consecutive term of seven years' imprisonment for involving or using a minor in a drug offense. The court imposed stipulated terms of lifetime probation for the remaining counts.

**¶3**　　　　Petitioner filed a timely petition for post-conviction relief pursuant to Arizona Rule of Criminal Procedure ("Rule") 33. The court found that Petitioner failed to present any colorable claims for relief and summarily dismissed the petition pursuant to Rule 33.11(a). Petitioner now seeks review. We have jurisdiction under Rule 33.16 and A.R.S. § 13-4239(C).

## DISCUSSION

**¶4**　　　　Petitioner presents three issues for review: (1) the failure to raise a guilty-except-insane defense under A.R.S. § 13-502 violated Petitioner's right to due process; (2) Petitioner's trial counsel was ineffective

because he failed to raise a guilty-except-insane defense under A.R.S. § 13-502; and (3) Petitioner's plea was "defective."[1]

**¶5**          When a court determines that a petition for post-conviction relief presents no "material issue of fact or law that would entitle the defendant to relief under [Rule 33], the court *must* summarily dismiss the petition." Ariz. R. Crim. P. 33.11(a) (emphasis added). When the court finds that a petition for post-conviction relief does not present a colorable claim, we review for an abuse of discretion. *State v. Amaral*, 239 Ariz. 217, 219, ¶ 9 (2016) (addressing the former Rule 32). Abuse of discretion is "an exercise of discretion which is manifestly unreasonable, exercised on untenable grounds or for untenable reasons." *State v. Woody*, 173 Ariz. 561, 563 (App. 1992) (quoting *Williams v. Williams*, 166 Ariz. 260, 265 (App. 1990)). The abuse of discretion must "affirmatively appear[]" in the record on review. *State v. Bowers*, 192 Ariz. 419, 422, ¶ 10 (App. 1998). We "cannot substitute our discretion for that of the trial judge," and will affirm if "a judicial mind, in view of the law and circumstances, could have made the ruling without exceeding the bounds of reason." *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 571 (1985) (quoting *Davis v. Davis*, 78 Ariz. 174, 179 (1954) (Windes, J., specially concurring)).

## I.    Failure To Raise a Guilty-Except-Insane Defense.

**¶6**          Petitioner argues that the failure to raise a guilty-except-insane defense under A.R.S. § 13-502 violated his right to due process. Petitioner does not present this issue in the context of ineffective assistance of counsel. Petitioner does not argue any action or inaction of counsel fell below objectively reasonable standards and does not cite any case law that addresses ineffective assistance of counsel. Petitioner simply argues the failure to raise a guilty-except-insane defense violated his right to due process.

**¶7**          The superior court did not abuse its discretion when it found Petitioner waived this issue by pleading guilty. A plea agreement waives all non-jurisdictional defenses, errors, and defects that occurred prior to the plea. *State v. Moreno*, 134 Ariz. 199, 200 (App. 1982). Waiver of non-jurisdictional defects includes deprivations of constitutional rights. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a

---

[1]      The statement of facts in the petition for review argues the evidence and the credibility of the victims at length. We only address the issues Petitioner expressly presents as grounds for relief in the petition for review.

criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). Thus, we deny relief on this issue.

## II.    Ineffective Assistance of Counsel Based on Failure To Present a Guilty-Except-Insane Defense.

¶8             Petitioner argues that he had ineffective assistance of counsel because his counsel failed to present a defense of guilty except insane under A.R.S. § 13-502. Specifically, Petitioner argues counsel failed to "find an important law, A.R.S. § 13-502, that provided an affirmative defense based on a mental defect." Petitioner further argues the results "would have been different" if counsel had raised the defense.

¶9             The only evidence Petitioner cites to support the claim that he has a "mental defect" sufficient to raise the affirmative defense of guilty except insane is a 2018 psychologist's report prepared at the request of Petitioner's trial counsel. That report was included in the petition for post-conviction relief but is not otherwise contained in the superior court record. Petitioner further relies on that report's references to reports from other medical professionals. Those other reports, however, are not included in the superior court record and are neither attached to the petition for post-conviction relief nor the petition for review.

¶10            To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Nash*, 143 Ariz. 392, 397 (1985). To show prejudice, a defendant must prove that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* If a defendant fails to make a sufficient showing for either prong of the *Strickland* test, the superior court need not determine whether the defendant satisfied the other prong. *State v. Salazar*, 146 Ariz. 540, 541 (1985).

¶11            When reviewing claims of ineffective assistance of counsel, we owe deference to both the defendant's counsel and the superior court. *Dunn v. Reeves*, 141 S. Ct. 2405, 2410 (2021). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of

reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). To do this, a defendant must show that counsel's performance fell outside the acceptable "range of competence" and failed to meet "an objective standard of reasonableness." *Id.* at 687-88. "[T]he showing must be that of a provable reality, not mere speculation." *State v. Rosario*, 195 Ariz. 264, 268, ¶ 23 (App. 1999). "[E]ven if there is reason to think that counsel's conduct 'was far from exemplary,' a court still may not grant relief if '[t]he record does not reveal' that counsel took an approach that no competent lawyer would have chosen." *Dunn*, 141 S. Ct. at 2410 (quoting *Burt v. Titlow*, 571 U.S. 12, 23-24 (2013)). Finally, mere disagreements over strategy "will not support a claim of ineffective assistance of counsel as long as the challenged conduct could have some reasoned basis." *State v. Meeker*, 143 Ariz. 256, 260 (1984).

**¶12** Petitioner offers nothing but speculation to support the proposition that Petitioner's counsel failed to "find" A.R.S. § 13-502 or that the result "would have been different" had counsel presented the affirmative defense of guilty except insane under A.R.S. § 13-502.[2] Petitioner offers no evidence that (1) counsel was not fully aware of A.R.S. § 13-502 and the affirmative defense of guilty except insane; (2) counsel did not fully investigate the possibility of asserting that defense in this matter; or (3) counsel did not make the strategic decision to forgo the affirmative defense of guilty except insane after receiving the psychologist's report. In short, Petitioner provides no evidence that any act or omission of counsel failed to meet objectively reasonable standards.

**¶13** To the contrary, the psychologist's report on which Petitioner relies shows counsel investigated Petitioner's mental health as part of counsel's investigation of potential defenses to the charges. The superior court found Petitioner competent after a Rule 11 evaluation by two medical professionals. Petitioner's counsel later filed a motion for a court-appointed expert to evaluate Petitioner's mental health for possible mitigation purposes and "to meet the state's allegations." The superior court granted the motion and ordered that counsel be provided funds to retain an expert. Counsel retained a psychologist that evaluated Petitioner over three different dates and later prepared a report for counsel.

---

[2] Petitioner did not support his petition for post-conviction relief with affidavits from Petitioner or Petitioner's counsel.

**¶14** The psychologist's report does not suggest that the result after trial "would have been different." The report addresses Petitioner's "emotional and social deficiencies" at length, but nowhere in the report does the psychologist express the opinion or otherwise suggest that, at the times Petitioner committed the offenses, Petitioner "was afflicted with a mental disease or defect of such severity that [Petitioner] did not know the criminal act was wrong," i.e., that Petitioner was legally insane. A.R.S. § 13-502(A); *see also State v. Malone*, 247 Ariz. 29, 31, ¶ 8 (2019) (noting that under Arizona law a mental disease or defect that does not rise to legal insanity is not admissible to challenge the mens rea of a charged offense).

**¶15** For these reasons, the superior court did not abuse its discretion when it held Petitioner failed to present a colorable claim of ineffective assistance of counsel. We also deny relief on this issue.

## III. The Validity of The Plea.

**¶16** We reject Petitioner's argument that his plea was "defective." Petitioner argues his plea was defective because counsel failed to make Petitioner aware of the possibility of a guilty-except-insane defense, and so Petitioner was "forced" to plead guilty as he had no other viable defenses. Petitioner further argues that had he known of the affirmative defense of guilty except insane, he "could" have rejected the plea offer and chosen to go to trial.

**¶17** Petitioner offers no evidence, affidavit or otherwise, that he was unaware of the possibility of a guilty-except-insane defense. Further, Petitioner does not assert he would have rejected the plea had he known of the possibility of a guilty-except-insane defense, only that he "could" have rejected the plea. When a defendant challenges the validity of a plea based on counsel's actions or inactions, "a defendant must show a reasonable probability that, 'but for counsel's errors, [defendant] would not have pleaded guilty and *would have insisted* on going to trial.'" *State v. Nunez-Diaz*, 247 Ariz. 1, 5, ¶ 13 (2019) (emphasis added) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Merely arguing, without evidence, that Petitioner "could" have rejected the plea is insufficient. The superior court did not abuse its discretion when it held Petitioner failed to present a colorable claim that the plea was defective. Consequently, we deny relief on this issue.

## IV. Remaining Issues.

**¶18** Petitioner also asserts that the plea was defective because Petitioner's counsel was unaware of the availability of a guilty-except-

insane defense.  Additionally, in his reply to the State's response, Petitioner argues the indictment was defective.  Petitioner did not present either of these issues in the petition for post-conviction relief filed in the superior court.  A petition for review may not present issues not first presented to the superior court.  Ariz. R. Crim. P. 33.16(c)(2)(B); *State v. Bortz*, 169 Ariz. 575, 577-78 (App. 1991); *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980); *see State v. Smith*, 184 Ariz. 456, 459 (1996) (holding there is no review for fundamental error in a post-conviction relief proceeding); *State v. Swoopes*, 216 Ariz. 390, 403, ¶¶ 40-42 (App. 2007) (same).  Further, this Court will not consider arguments or issues first raised in a party's reply.  *See State v. Watson*, 198 Ariz. 48, 51, ¶ 4 (App. 2000).

## CONCLUSION

**¶19**　　　　For the above reasons, we grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:　AA

7