327 P.3d 886

The STATE of Arizona, Respondent,

v.

Pedro CHAIREZ, Petitioner.

No. 2 CA–CR 2013–0115–PR.

Court of Appeals of Arizona, Division 2, Department B.

June 17, 2013.

Review Denied March 21, 2014.

William G. Montgomery, Maricopa County Attorney By Linda Van Brakel, Phoenix, Attorneys for Respondent.

Pedro Chairez, Smyrna, Delaware, In Propria Persona.

*MEMORANDUM DECISION*

ESPINOSA, Judge.

¶ 1 Petitioner Pedro Chairez was convicted pursuant to a plea agreement of two counts of participating in a street gang. He sought post-conviction relief pursuant to Rule 32, Ariz. R.Crim. P., claiming in his pro se petition that, inter alia, the plea was not knowing, voluntary and intelligent and there was an insufficient factual basis for the plea. The trial court dismissed the petition summarily and denied his motion for rehearing. Chairez challenges the trial court's rulings in the petition for review now before us. We will not disturb the rulings, however, unless the court clearly has abused its discretion. *See State v. Swoopes*, 216 Ariz. 390, ¶ 4, 166 P.3d

945, 948 (App.2007).[1] We see no such abuse here.

¶ 2 Chairez was charged with a variety of offenses after a lengthy investigation by law enforcement officers into activities by a number of individuals, including Department of Corrections (DOC) inmates like Chairez, in connection with the "Arizona Mexican Mafia." Representatives of the state, including prosecutors and investigators, apparently met with Chairez's defense counsel in September 2009 and gave counsel an informal overview of the evidence collected during the investigation. In the meantime, Chairez filed a motion to proceed in propria persona and a waiver of the right to counsel, stating at a hearing on December 9, 2009, he did not have "confidence or faith in [his] attorney." He insisted he was capable of representing himself, despite his lack of formal legal training, commenting, "I'm fairly intelligent. I figure I can learn." The court granted the request after the hearing during which the court reviewed with Chairez his various rights and the potential sentencing exposure, and directed the Office of Public Defense Services to appoint advisory counsel for him.

¶ 3 Chairez appeared at settlement conferences with advisory counsel on September 25, 2009, and October 2, 2009, during which the parties discussed the nature of the charges, the results of the investigation, and potential sentencing consequences. On January 21, 2010, Chairez entered guilty pleas pursuant to a plea agreement. In March, however, he filed a motion to withdraw his guilty plea. At a hearing on May 7, 2010, the court denied the motion, and sentenced Chairez on the instant offenses.

¶ 4 Chairez filed a notice of post-conviction relief in June 2010, and appointed counsel subsequently filed a notice in which he avowed he had reviewed the record and had found no issue to raise in a post-conviction proceeding. In a pro se petition, Chairez contended that during the settlement conferences with various members of the task force

investigating crimes by prison inmates, he had been "essentially manipulated, deceived and coerced ... into signing a plea of guilt[y]." He asserted various individuals had threatened him that numerous witnesses would testify against him and that the state claimed it had sufficient evidence to charge him with " 'a hundred more' " offenses and " 'expose and air out' [his] 'dirty laundry' at trial." According to Chairez, the state implied "it would jeopardize [ his] life inside prison" if he did not plead guilty. And, he asserted, these individuals and, presumably, the prosecutor or other representatives of the state, had threatened him they "could go after and charge his family members if they so desired," and erroneously led him to believe "[t]hat anything he did or said was criminal ... because he was a documented gang member." Chairez contended advisory counsel had been ineffective based on the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in a variety of respects, rendering the plea invalid because it was not knowing or intelligent.

¶ 5 Chairez also challenged the validity of the plea on a variety of other grounds. He claimed the plea agreement was ambiguous and therefore invalid because it suggested he could withdraw the pleas at any time. He also argued the factual basis established by the state did not show he had committed an offense and had the requisite intent under A.R.S. § 13–2321. In addition, Chairez asserted the trial court had erred in denying his motion to withdraw from the plea agreement, given, inter alia, his lack of necessary discovery, counsel's ineffectiveness, and the absence of a sufficient factual basis to support the pleas. Chairez maintained he initially had been charged with conspiracy to commit participation in a street gang and the state erroneously had "elevated the charge and amended the allegation to an actual participation charge" at the change-of-plea hearing based on exactly the same evidence that had been presented to the grand jury. Fi-

---

1. As part of his challenge to the validity of his guilty pleas, Chairez contended in his petition for post-conviction relief the trial court had erred in denying his motion to withdraw the guilty pleas. Like the ruling on a petition for post-conviction relief, we review the trial court's denial of a motion to withdraw a plea for an abuse of discretion. *State v. Anderson*, 147 Ariz. 346, 351, 710 P.2d 456, 461 (1985).

nally, as he also had done in his motion to withdraw from the plea, he asserted he never fully understood the charges against him or the evidence that purportedly supported the charges and the court had erred in denying his motion to withdraw.

¶ 6 The trial court denied relief, stating only that it "agrees with the arguments set forth in the State's Response" to Chairez's pro se petition. It added, "The Court specifically finds that there are no colorable claims for ineffective assistance of advisory counsel under *both* prongs of the" test under *Strickland.* Chairez filed a motion for rehearing, which the court denied. In his petition for review, Chairez reasserts most of the claims he raised in his petition for post-conviction relief, except the claims of ineffective assistance of counsel. Chairez maintains the court erred in denying his motion to withdraw his guilty pleas because he "was ignorant of the evidence, the requisite intent, the essential elements required of a factual basis, and the nature of the charges." He asserts there was an insufficient factual basis for the offenses, challenges the sufficiency of the indictment under Rule 13.2, Ariz. R.Crim. P., maintains the "requisite intent of A.R.S. [§ ] 13–2321" never was explained to him, and insists he committed no offense and is not guilty of the offenses of which he was convicted.

■ ¶ 7 Chairez has not sustained his burden of establishing the trial court abused its discretion by summarily dismissing his petition for post-conviction relief. At the change-of-plea hearing, the court expressly asked Chairez whether advisory counsel had reviewed the plea agreement with him and explained it to him before he signed the agreement; Chairez responded "yes" to both questions. The court also asked whether he had reviewed and understood the agreement, and Chairez answered that he had reviewed it and understood it "[c]ompletely." Additionally, the court asked whether anyone had promised him anything that had not been included in the plea agreement and whether anyone had forced him to enter the guilty plea or threatened him "in any way to get [him] to plead guilty." Chairez responded

"no" to these questions and twice stated he was pleading guilty voluntarily.

¶ 8 The trial court did not accept the guilty pleas until it was satisfied Chairez had been advised of and understood the constitutional rights he was waiving by pleading guilty, as well as other consequences of pleading guilty. *See* Ariz. R.Crim. P. 17.1(b) ("A plea of guilty ... may be accepted only if voluntarily and intelligently made."), 17.3 (before accepting guilty or no-contest plea, court has duty to "address the defendant personally ... and determine ... the plea is voluntary and not the result of force, threats or promises" other than as provided in plea agreement); *see also State v. Watton,* 164 Ariz. 323, 326, 793 P.2d 80, 83 (1990) (to be valid, plea agreement "must not be induced by any force, threats, or promises outside the plea agreement that change the voluntary nature of the plea"). In determining whether Chairez had entered knowing, voluntary and intelligent guilty pleas, the court was entitled to rely on Chairez's responses to the court's questions at the change-of-plea hearing and his assurances that he understood the agreement and had not been threatened or coerced. *See State v. Hamilton,* 142 Ariz. 91, 93, 688 P.2d 983, 985 (1984); *see also State v. Djerf,* 191 Ariz. 583, ¶ 25, 959 P.2d 1274, 1283 (1998) ("defendant's appropriate and rational responses" relevant to conclusion that defendant fully understood consequences of waiver), *abrogated on other grounds by Tennard v. Dretke,* 542 U.S. 274, 124 S.Ct. 2562, 159 L.Ed.2d 384 (2004).

■ ¶ 9 Moreover, contrary to Chairez's assertions, the record shows there was a sufficient factual basis for each plea. Chairez was charged with and pled guilty to participating in a criminal street gang on two occasions "by intentionally organizing, managing, directing, supervising, or financing Arizona Mexican Mafia, a criminal street gang, with the intent to promote or further the criminal objectives of the criminal street gang," thereby violating § 13–2321(A)(1). The factual bases for the guilty pleas were supplied by the prosecutor, who stated that on March 22 and April 19, 2009, Chairez had "directed another to perform acts which would benefit the Arizona Mexican Mafia."

She added, "The person he was directing would then come back into Maricopa County as an accomplice and a conspirator and further that directive, which would then benefit the Mexican Mafia, specifically giving money or gathering money for" it. When the trial court asked Chairez at the change-of-plea hearing whether he agreed with the facts as the prosecutor had represented them to be, Chairez responded, "Yes, I do."

¶ 10 These statements and the extended record provided a sufficient factual basis for the pleas, *see State v. Salinas,* 181 Ariz. 104, 107, 887 P.2d 985, 988 (1994), demonstrating Chairez had directed another person to perform acts that were designed to help finance the Arizona Mexican Mafia. We reject Chairez's suggestion the factual basis was insufficient because it only established that the Arizona Mexican Mafia received an incidental benefit and such a benefit is not sufficient under the statute. That the benefit here was financial establishes a specific element of the statute. *See* § 13–2321(A)(1) (person commits offense by "financing" criminal street gang).[2]

¶ 11 The record also supported the inference, contrary to Chairez's contention, that by helping arrange financial support for the Arizona Mexican Mafia, he intended "to promote or further the criminal objectives of the criminal street gang"—the intent required under the statute. *Id.* Such intent may be inferred from the circumstances. *See In re William G.,* 192 Ariz. 208, 213, 963 P.2d 287, 292 (App.1997). There was a sufficient factual basis to support the inference that by directing another person to "gather" money for the Arizona Mexican Mafia, Chairez had intended to help finance the criminal street gang.

¶ 12 Nor has Chairez established the trial court abused its discretion in denying his motion to withdraw the guilty pleas before sentencing and in denying his request for post-conviction relief on that ground. The court made clear at the combined hearing on the motion and sentencing that it had reviewed the motion, the state's response, and the transcript from the change-of-plea hearing. Exhibits the prosecutor presented to the court included summaries of recorded conversations between Chairez, his wife, and others on specific dates that, as the prosecutor explained, formed the bases for the offenses. The prosecutor explained further how the indictment complied with the relevant statutes and provided Chairez notice of the charges against him.

¶ 13 In denying the motion to withdraw the guilty pleas, the trial court said, "I believe that there is a factual basis. I did the hearing. And I think you're confusing legal arguments that you may have read in case law with other things." The court added, "I don't find any manifest injustice." The court concluded that Chairez had pled to amended charges, agreeing to the amendment of the indictment, noting the court recalled asking Chairez numerous questions during the change-of-plea hearing and remembering specifics about the case. "Based on your demeanor in court, the way you answered my questions, there's no doubt in my mind you knew what you were doing."

¶ 14 The trial court did not abuse its discretion in implicitly finding Chairez's claims lacked the appearance of validity and were not colorable. *See State v. Lemieux,* 137 Ariz. 143, 147, 669 P.2d 121, 125 (App. 1983) (defendant must establish claim has appearance of validity in that, if factual allegations were true, he would be entitled to relief). Whether a claim is colorable and warrants an evidentiary hearing "is, to some extent, a discretionary decision for the trial court." *State v. D'Ambrosio,* 156 Ariz. 71, 73, 750 P.2d 14, 16 (1988). The claim must have a basis in reality and cannot be based on pure conjecture. *Cf. State v. Meeker,* 143 Ariz. 256, 264, 693 P.2d 911, 919 (1984) (proof of counsel's ineffectiveness "must be a demonstrable reality rather than a matter of

---

**2.** The prosecutor's use of the term suggested she was referring to § 13–2321(B), which provides: "A person commits assisting a criminal street gang by committing any felony offense, whether completed or preparatory for the benefit of, at the direction of or in association with any criminal street gang." But Chairez appears to have been charged under § 13–2321(A)(1) given the language in the indictment. And the factual basis for the conviction under that subsection was sufficient for the reasons we have stated.

speculation"). "To mandate an evidentiary hearing, [a] defendant's challenge must consist of more than conclusory assertions and be supported by more than regret." *State v. Donald,* 198 Ariz. 406, ¶ 21, 10 P.3d 1193, 1201 (App.2000).

¶ 15 Although trial courts are required "to treat [a defendant's] factual allegations as true" in evaluating whether a claim is colorable, *State v. Jackson,* 209 Ariz. 13, ¶¶ 2, 6, 97 P.3d 113, 114–16 (App.2004), courts are not required to do so when, as here, the record contains evidence that belies such factual allegations and the claims, therefore, do not have the appearance of validity, *Lemieux,* 137 Ariz. at 147, 669 P.2d at 125. Moreover, the court properly could and did make a threshold determination that Chairez's contention he had not understood the nature of the charges to which he was entering guilty pleas was not credible. *Cf. State v. Krum,* 183 Ariz. 288, 293–94, 903 P.2d 596, 601–02 (1995) (no abuse of discretion by trial court in determining no colorable claim raised by third-party affidavits asserting victim recanted, which court did not find credible).

¶ 16 Furthermore, by entering the guilty pleas Chairez waived any arguments relating to the legal sufficiency of the indictment and the amendment of the charges that are distinct from direct challenges to the validity of the plea. *See State v. Flores,* 218 Ariz. 407, ¶ 6, 188 P.3d 706, 708–09 (App.2008) (guilty plea waives all nonjurisdictional defects, including deprivations of constitutional rights). And to the extent he challenges the legal sufficiency of the indictment, that claim is waived not only by his guilty plea, but by his failure to object in the trial court before entering the pleas, pursuant to Rule 13.5(e), Ariz. R.Crim. P., which requires such defects to be raised in accordance with the pretrial procedures outlined in Rule 16, Ariz. R.Crim. P. Nor is this a situation in which the defendant pled guilty to a nonexistent offense, as he seems to suggest. *See, e.g., State v. Sanchez,* 174 Ariz. 44, 45, 47–48, 846 P.2d 857, 858, 860–61 (App.1993) (defendant admitted facts sufficient to prove guilty of conspiracy to sell narcotic drugs, but plea agreement reduced charge to attempted offense; vacating same because "the preparatory offense of attempt does not apply to the preparatory offense of conspiracy," and therefore, "[a]ttempted conspiracy ... is not a cognizable offense"); *State v. McClarity,* 27 Ariz.App. 571, 576, 557 P.2d 170, 175 (1976) (finding court lacked authority to accept plea to " 'theft of a motor vehicle' as 'open-ended' offense" because legislature had not designed it as such).

¶ 17 We grant Chairez's petition for review. But for the reasons stated, relief is denied.

CONCURRING: GARYE L. VÁSQUEZ, Presiding Judge and VIRGINIA C. KELLY, Judge.