NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ISMAEL ANTONIO MURPHY-RICHARDSON, *Petitioner*.

No. 1 CA-CR 25-0451 PRPC

FILED 05-21-2026

Petition for Review from the Superior Court in Maricopa County
No. CR2018-102788-001
The Honorable Ronda R. Fisk, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Philip D. Garrow
*Counsel for Respondent*

Ismael Antonio Murphy-Richardson, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge D. Andrew Gaona delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge Anni Hill Foster joined.

---

**G A O N A,** Judge:

¶1          Petitioner Ismael Antonio Murphy-Richardson seeks review of the superior court's summary dismissal of his petition for post-conviction relief. We grant review but deny relief.

## FACTS AND PROCEDURAL HISTORY

¶2          In January 2018, the State charged Murphy-Richardson with three counts of sexual assault. Murphy-Richardson pled not guilty. At a hearing three months later, Murphy-Richardson moved to waive his right to counsel and represent himself. The superior court granted his motion and appointed advisory counsel. Murphy-Richardson then rejected the State's plea offer.

¶3          In August 2018, the court revoked Murphy-Richardson's self-representation and appointed his advisory counsel as his counsel of record. Despite that representation, Murphy-Richardson continued filing motions and refused to meet with counsel or investigators. The court ordered an Arizona Rule of Criminal Procedure ("Rule") 11 evaluation at counsel's request and found Murphy-Richardson competent in December 2018.

¶4          A week later, at a hearing originally set as a status conference, Murphy-Richardson changed his pleas to guilty ("plea hearing"). At the plea hearing, counsel informed the court that Murphy-Richardson wanted to plead guilty. Murphy-Richardson then stated he "ha[d] it here in writing" and provided the court with a letter, dated two weeks before, pleading guilty "intelligently and willingly, knowing the seriousness of the crime and consequences of [doing so]."

¶5          During the plea hearing, the State re-extended its original plea offer of five years in prison and lifetime probation with sex offender terms. The court carefully reviewed the terms of the plea offer and sentencing range with Murphy-Richardson. Murphy-Richardson acknowledged that rejecting the plea offer and pleading directly to the court would expose him

to substantially greater prison time. The court explained to Murphy-Richardson that by pleading to the court and with his criminal history he would face a potential sentence of 47.25 to 84 years in prison. But even with this explanation, Murphy-Richardson stated he wanted "to take full responsibility [for his] actions," and "be a man about these things." The court then conducted an extensive plea colloquy and accepted his guilty pleas, finding them knowing, intelligent, and voluntary.

¶6        At sentencing in February 2019, Murphy-Richardson criticized counsel and the proceedings. The court imposed presumptive seven-year prison terms for each count, totaling twenty-one years, with credit for time served. Murphy-Richardson timely initiated post-conviction proceedings. To date, Murphy-Richardson has filed more than a dozen petitions for post-conviction relief and related motions, many of which the superior court treated as petitions for post-conviction relief.

¶7        At issue is Murphy-Richardson's third successive petition for post-conviction relief, filed by appointed counsel in February 2021. Because the superior court inadvertently overlooked that petition, it was the last of his petitions to be resolved. Murphy-Richardson sought relief under Rule 33.1(a), alleging his guilty pleas were involuntary and that counsel rendered ineffective assistance. He argued the pleas resulted from medication-induced impairment, coercion, and counsel's deficient performance in multiple respects. He asserted those circumstances created a manifest injustice warranting withdrawal of his pleas or, at a minimum, an evidentiary hearing. In October 2025, the superior court summarily dismissed the petition for failing to state a colorable claim. This petition for appellate review followed.

## DISCUSSION

¶8        On review, Murphy-Richardson reasserts (1) his guilty pleas weren't voluntary and intelligent, and (2) counsel rendered ineffective assistance in connection with those pleas. Because he pled guilty, any non-jurisdictional ineffective-assistance claim is cognizable only if it bears on the validity of the pleas. *State v. Mendoza*, 249 Ariz. 180, 183 ¶ 5 (App. 2020); *see* Ariz. R. Crim. P. 33.2(a)(1). The question is thus whether Murphy-Richardson alleged specific facts showing either that his pleas were invalid or that counsel's alleged errors rendered them invalid.

¶9        We review the summary dismissal of a petition for post-conviction relief for abuse of discretion and defer to the superior court's factual findings unless clearly erroneous. *State v. King*, 250 Ariz. 433, 438–

39 ¶ 21 (App. 2021). Summary dismissal is proper when the petitioner states no colorable claim—that is, when the alleged facts, even if true, probably wouldn't have changed the outcome. *See State v. Amaral*, 239 Ariz. 217, 220 ¶ 11 (2016). Courts generally accept a petitioner's factual allegations as true in assessing colorability. *State v. Chairez*, 235 Ariz. 99, 102 ¶ 15 (App. 2013). But they need not do so when the record (1) contradicts the petitioner's allegations and (2) permits a threshold determination that the claims lack credibility. *See id.*

**I.     Murphy-Richardson Failed to Present a Colorable Claim That His Pleas Were Invalid.**

**¶10**          "The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *State v. Leyva*, 241 Ariz. 521, 526 ¶ 14 (App. 2017) (cleaned up); *see* Ariz. R. Crim. P. 17.1(b), 17.3(a). Murphy-Richardson argued his pleas were involuntary because he took medication within 24 hours of the plea hearing, felt pressured by counsel, and didn't adequately understand the proceedings. The record doesn't support Murphy-Richardson's contentions.

**¶11**          First, the plea colloquy—the best evidence for assessing the validity of guilty pleas—directly contradicted Murphy-Richardson's claims. *Leyva*, 241 Ariz. at 525 ¶ 12; *see State v. Hamilton*, 142 Ariz. 91, 93 (1984) (defendant's statements at a plea hearing regarding voluntariness ordinarily bind the defendant). Murphy-Richardson affirmed he was thinking clearly, understood the re-extended plea offer, understood the sentencing exposure if he rejected the offer and pled guilty, understood the rights he was waiving, and confirmed he hadn't been threatened or coerced. These statements were presumed true, *see Leyva*, 241 Ariz. at 525 ¶ 12, and the superior court was entitled to rely on them, *see Chairez*, 235 Ariz. at 100 ¶ 8.

**¶12**          Murphy-Richardson failed to rebut that presumption. The only evidence he offered was his own affidavit, and unsupported assertions like these are "insufficient to rebut the presumption of verity [created] by [the] plea colloquy or to state a colorable claim that [the] plea was involuntary." *Leyva*, 241 Ariz. at 527 ¶ 17 n.9 (self-serving assertions in a petitioner's affidavit, unsupported by evidence such as an expert affidavit aren't enough). He didn't identify what medication he took, the side effects, or how it impaired his judgment or understanding. *See State v. Rose*, 231 Ariz. 500, 914–15, ¶¶ 35–37 (2013) (use of medication doesn't render a plea involuntary absent a showing of impaired understanding or decision-

making capacity). Nor did he identify specific threats or actions by counsel that pressured him to plead guilty. Murphy-Richardson's conclusory assertions—with nothing more—didn't state a colorable claim. *See State v. Krum*, 183 Ariz. 288, 294–95 (1995) (a petition presenting vague, conclusory, or wholly incredible allegations is subject to summary dismissal).

**¶13**　　The record further contradicted Murphy-Richardson's generalizations that his pleas were an impulsive, confused, or coerced decision. Murphy-Richardson told the court he wanted to plead guilty to take responsibility. He provided the court with a letter written nearly two weeks before the plea hearing stating he wanted to plead guilty. And as the plea hearing concluded, Murphy-Richardson requested "all the documents" so he could pursue *post-conviction relief* (not an appeal), because he knew he only had "90 days."

**¶14**　　Finally, despite Murphy-Richardson's contentions, the superior court had no reason to reconsider his competency at the plea hearing. Two medical professionals found him competent just few weeks before. And based on their reports, the superior court found Murphy-Richardson understood the proceedings and was competent. Nothing during the plea hearing or in the record suggested otherwise. *See supra*, ¶¶ 11, 13.

**¶15**　　The superior court didn't abuse its discretion in concluding Murphy-Richardson voluntarily and intelligently pled guilty.

## II.　Murphy-Richardson Failed to Present a Colorable Ineffective-Assistance Claim.

**¶16**　　To state a colorable claim of ineffective assistance of counsel, a petitioner must show both deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Varela*, 245 Ariz. 91, 94 ¶ 6 (App. 2018). In the plea context, prejudice requires a reasonable probability that, but for counsel's alleged errors, the defendant wouldn't have entered the pleas and would've obtained a more favorable result. *State ex rel. Thomas v. Rayes*, 214 Ariz. 411, 414 ¶ 13 (2007). And because we presume counsel is effective, the petitioner must establish counsel's conduct resulted from "ineptitude, inexperience, or lack of preparation," and not simply strategy or discretionary choices. *See State v. Pandeli*, 242 Ariz. 175, 181, 183 ¶¶ 7, 21 (2017).

**¶17**　　First, Murphy-Richardson alleged counsel failed to provide required explanations and information. But he didn't identify what material information or advice counsel failed to provide, how any omission

affected his decision to plead guilty, or what objective facts required renewed competency proceedings. His conclusory allegations thus failed to state a colorable claim. The superior court correctly reasoned that even assuming deficient performance, Murphy-Richardson didn't establish prejudice. During the plea colloquy, the court reviewed the plea terms, the sentencing consequences of rejecting the offer and pleading guilty straight up, and the rights Murphy-Richardson was waiving. Murphy-Richardson affirmed he understood and wanted to proceed. The superior court didn't abuse its discretion in rejecting this claim.

**¶18** Next, Murphy-Richardson contended that counsel should've stopped him from pleading guilty, stopped the plea hearing, and moved to withdraw the guilty pleas. Murphy-Richardson identified no objective facts that would've required counsel to believe he was incompetent, unable to understand the proceedings, or was entering invalid pleas. In fact, counsel stated no concern about Murphy-Richardson's competency to plead guilty, citing the competency evaluation a few weeks earlier. Nor did Murphy-Richardson identify a viable basis on which counsel could've successfully moved to withdraw the pleas. Counsel wasn't ineffective for foregoing futile motions. *See Pandeli*, 242 Ariz. at 185 ¶ 33.

**¶19** Murphy-Richardson also argues counsel's performance was deficient based on unidentified "complications with counsel." We don't credit these vague allegations. In fact, the record reflects counsel's "extraordinary efforts" and continued representation despite Murphy-Richardson's lack of cooperation and objections. *Cf. State v. Peralta*, 221 Ariz. 359, 362–63 ¶ 15 (App. 2009) (a defendant who causes the breakdown in the relationship with appointed counsel cannot then claim entitlement to new counsel based on that breakdown).

**¶20** Even assuming deficient performance, Murphy-Richardson didn't establish prejudice. He didn't allege specific facts showing that, had counsel attempted to halt the plea hearing or withdraw the pleas, the superior court would've granted such relief or that he would've obtained a more favorable result. That failure alone was sufficient to defeat the claim because "mere speculation" cannot establish prejudice, *Leyva*, 241 Ariz. at 528 ¶ 22, and nothing in the record suggests such efforts would have succeeded.

**¶21** The superior court didn't abuse its discretion in summarily dismissing the ineffective-assistance claim.

## CONCLUSION

¶22     We grant review but deny relief.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:         JR