NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

PRENTICE RAY THOMAS, *Petitioner*.

No. 1 CA-CR 25-0448 PRPC

FILED 06-11-2026

Petition for Review from the Superior Court in Maricopa County
No. CR2020-115720-002
The Honorable Aryeh D. Schwartz, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Gurion Legal, Phoenix
By Omer R. Gurion
*Counsel for Petitioner*

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which
Presiding Judge Andrew M. Jacobs and Judge Brian Y. Furuya joined.

**M O R S E**, Judge:

¶1        Prentice Ray Thomas ("Thomas") petitions for review of the dismissal of his first petition for post-conviction relief in which he asserted ineffective assistance of counsel tainted his conviction.  We grant review and deny relief.

## FACTS AND PROCEDURAL BACKGROUND

¶2        In May 2020, the State charged Thomas with three counts of sex trafficking, one count of conspiracy to commit sex trafficking, one count of kidnapping, two counts of involving or using minors in drug offenses, and conspiracy to commit prostitution.  In February 2024, the superior court held a settlement conference.  At the settlement conference, the superior court explained to Thomas the jury trial process and the charges against him.  Thomas confirmed he understood.  The State discussed the case it would present against Thomas.  Thomas asked questions about the State's witnesses and his ability to cross-examine them.  Thomas's counsel then shared his appraisal of the case.  The superior court reviewed the sentencing range with Thomas and his counsel.  Thomas discussed his concerns about the plea offer and his concerns about going to trial with the superior court.  Thomas also addressed the State and discussed information about his life which he believed should count for sentencing leniency.  The State explained its plea offer to Thomas.  The State offered Thomas a sentencing range of 10 to 22 years, with a presumptive sentence of 13 and a half years.  Thomas agreed to accept the plea.

¶3        The superior court conducted a plea colloquy with Thomas.  Notably, Thomas confirmed he had not taken any drugs, medications, or alcohol in the last 24 hours.  Thomas pleaded guilty to child sex trafficking and two charges of attempted child sex trafficking.  The superior court found Thomas's plea was made knowingly, intelligently, and voluntarily.

¶4        In March 2024, Thomas attempted to withdraw from his guilty plea, arguing that he had not made a knowing and voluntary agreement because he had taken prescribed psychiatric medications, suboxone strips, "spice", and "jail house alcohol" before agreeing to the plea.  At the sentencing hearing, the superior court addressed Thomas's motion to withdraw from the plea agreement.  At the hearing, Thomas's counsel explained that he agreed to type up the motion to withdraw from the plea agreement and file it with the court, but that the facts and law involved came from Thomas, and he did not endorse them.  Thomas's counsel said he wanted to make sure Thomas was heard on his concerns with the plea

agreement, but that based on his review, he could not adopt the argument as his own. The superior court denied Thomas's motion.

¶5 Thomas timely petitioned for post-conviction relief alleging ineffective assistance of counsel. Thomas argues his counsel should have investigated Thomas's medical records before filing the motion to withdraw from the plea agreement. Had his counsel done so, Thomas argues, his counsel would have discovered that Thomas had been prescribed an anti-depressant medication and an ADHD medication that could have affected his mental state at the time of the plea hearing, bolstering Thomas's claim he did not enter the plea agreement voluntarily.

¶6 The superior court dismissed Thomas's petition for post-conviction relief. The superior court concluded that Thomas had not offered sufficient evidence to suggest his counsel failed to examine the medical records. Based on Thomas's counsel's statements at the hearing on the motion to withdraw from the plea agreement, the superior court believed it possible that counsel investigated the circumstances around Thomas's plea agreement and concluded there was no meritorious basis to withdraw from the plea. The superior court further concluded that even if Thomas's counsel had not examined the medical records, Thomas was not prejudiced as a result, highlighting Thomas's active role in the settlement conference and his apparent ability to understand the proceedings.

¶7 Thomas seeks review of the dismissal of his petition. We have jurisdiction under Arizona Rule of Criminal Procedure 33.16 and A.R.S. § 13-4239.

## DISCUSSION

¶8 The State did not file a response to Thomas's petition for review. Instead, the State filed a "Notice of Acknowledgement" indicating it would not file a response. Generally, we consider a party's failure to respond a confession of reversable error on any debatable issues. *See Savord v. Morton*, 235 Ariz. 256, 259, ¶ 9 (App. 2014). Citing Arizona Rule of Criminal Procedure ("Rule") 31.21, the State asserts its decision not to respond to a petition for review is not a confession of error. But Rule 31.21 addresses petitions for review to the supreme court on direct appeal. *See* Ariz. R. Crim. P. 31.21. Rule 31.21 does not apply to petitions for post-conviction relief under Rule 33, and here the State's failure to respond may constitute a confession of error. But because Thomas has not raised any debatable issues, we do not treat the State's failure to respond as an implied confession of reversible error. *See Savord*, 235 Ariz. at 259, ¶ 9.

¶9            We review the dismissal of a petition for post-conviction relief for an abuse of discretion. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012). Petitioner bears the burden to establish the superior court abused its discretion. *State v. Reed*, 252 Ariz. 236, 238, ¶ 6 (App. 2021). For ineffective-assistance-of-counsel claims, a defendant must show both that counsel's performance was deficient and that the defendant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A counsel's performance is deficient if it falls "below an objective standard of reasonableness." *Id.* at 688. To establish prejudice, a defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A showing of prejudice requires more than "mere speculation." *State v. Rosario*, 195 Ariz. 264, 268, ¶ 23 (App. 1999).

¶10          A guilty plea must be entered knowingly, intelligently, and voluntarily. *See State v. Chairez*, 235 Ariz. 99, 100, ¶ 8 (App. 2013). A court may allow a defendant to withdraw from a guilty plea if necessary to correct a manifest injustice. Ariz. R. Crim. P. 17.5. Regardless of whether counsel examined his medical records, Thomas cannot establish prejudice and the superior court did not abuse its discretion by dismissing Thomas's petition.

¶11          At his plea hearing, Thomas confirmed that he had not taken any drugs, medications, or alcohol in the last 24 hours. The superior court "was entitled to rely on [Thomas's] responses to the court's questions at the change-of-plea hearing . . . ." *Chairez*, 235 Ariz. at 100, ¶ 8; *see also United States v. Bowman*, 348 F.3d 408, 414 (4th Cir. 2003) ("The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the [] colloquy at which the guilty plea was accepted."). Further, Thomas points to no evidence to support his claim that a diligent review of his medical records would have provided support for his motion to withdraw. Instead, while Thomas points to medical records showing he was prescribed medicines for depression and ADHD, those records also show that he refused those medications the night before the plea hearing.

¶12          The superior court correctly relied on Thomas's denial of drug and alcohol use. *See, e.g.*, *State v. Leyva*, 241 Ariz. 521, 525, ¶ 12 (App. 2017) (noting that a defendant's statements during a plea colloquy are "'solemn declarations'" that "'carry a strong presumption of verity'" and "'constitute a formidable barrier' in a subsequent challenge to the validity of a plea" (quoting *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977)). And, as highlighted by the superior court, Thomas's active participation at the plea hearing provides evidence he was not impaired by drugs, medications, or alcohol

during the plea colloquy. *See Tanner v. McDaniel*, 493 F.3d 1135, 1146 (9th Cir. 2007) (rejecting claim that depression rendered a guilty plea involuntary where the "record of the plea hearing indicates the opposite: that Tanner lucidly and voluntarily decided to plead guilty"); *cf. State v. Djerf*, 191 Ariz. 583, 592, ¶ 25 (1998) (recognizing a "defendant's appropriate and rational responses" as evidence a defendant knowingly and intelligently waived his right to counsel), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004). Given these facts, Thomas has not met his burden to show that his motion to withdraw from his plea would have been successful if his counsel had reviewed the medical records. Because Thomas has not established prejudice, his ineffective-assistance-of-counsel claim fails.

**CONCLUSION**

¶13        We grant review and deny relief.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:            JR